# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 30, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138712

DAVID F. SIKKEMA,
            Plaintiff-Appellee,

v

METRO HEALTH HOSPITAL,
            Defendant,

and

JOHN S. BRADLEY, M.D.,
            Defendant-Appellant.
_____/

SC: 138712
COA: 288758
Kent CC: 08-004608-NO

On order of the Court, the application for leave to appeal the March 11, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would grant defendant's application for leave to appeal because I conclude that plaintiff's notice of intent to file a claim, required by MCL 600.2912b, was insufficient. The notice establishes that plaintiff's left leg was amputated, although *it does not state when the leg was amputated.* Plaintiff sued two emergency room (ER) doctors and the hospital where the ER was located, alleging that his negligent treatment at the ER in November 2005 caused the need for amputation. The sections of the notice describing the facts and the standards of care applicable to defendants, required by MCL 600.2912b(4)(a) through(d), suggest that the doctors should have diagnosed and treated for compartment syndrome instead of for blood clots and deep vein thrombosis (DVT). The statement of proximate cause, required by MCL 600.2912b(4)(e), states:

> Drs. Hartgerink and Bradley's failure to timely diagnose and treat [plaintiff's] Compartment Syndrome and to comply with the standard of care as set forth in paragraphs 3 and 4 was the proximate cause of his

development of severe Compartment Syndrome and his eventual loss of limb. Drs. Hartgerink and Bradley's failure to timely diagnose and treat [the plaintiff's] Compartment Syndrome deprived [plaintiff] of the opportunity for a better treatment result. That loss of opportunity was greater than 50 percent.

The notice fails to explain several crucial elements. First and foremost, it fails to address whether and how compartment syndrome, as opposed to plaintiff's ongoing history of blood clots and DVT, caused the need for amputation. Next, it never discusses whether or how his presenting symptoms in the ER were inconsistent with his history of blood clots and DVT, and thus why a prudent doctor would necessarily test for compartment syndrome. Indeed, although the notice's section on breach alleges that defendants should have consulted other specialists, the notice's fact section specifically admits that defendants *did* consult with those specialists; the specialists refused to evaluate because even they did not suspect compartment syndrome. Most significantly, as noted, the notice never even mentions the date of the eventual diagnosis and amputation, thus leaving the reader with no information concerning the intervening time frame and events between plaintiff's visit to the ER and the unknown date on which compartment syndrome was ultimately suspected and diagnosed. Accordingly, at a minimum, the notice did not apprise defendants of how *their* failure to initially diagnose and treat compartment syndrome *caused* an otherwise avoidable need for amputation. Thus, the notice was statutorily insufficient because it utterly failed to describe the "manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." MCL 600.2912b(4)(e).

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 30, 2009

*Corbin R. Davis*

Clerk

d1027